DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, granting a protective order against appellant. Because we conclude that the trial court applied the wrong standard when reviewing the magistrate's decision, we reverse and remand
 {¶ 2} Appellant, Rachel Kovacs, and appellee, Keith Kovacs, a married couple, filed mutual petitions for domestic violence protective orders against each other. The petitions stemmed from incidents related to the couple's impending divorce and custody issues regarding their minor child. After conducting a hearing, the magistrate found appellee to be credible and granted a protective order against appellant. Appellant's petition was denied and she filed objections to the decision.
 {¶ 3} The trial court then reviewed the record, including a transcript of the hearing, and, applying an "abuse of discretion" standard, approved the magistrate's decision.
 {¶ 4} Appellant now appeals from that judgment, setting forth two assignments of error. Appellant essentially argues that the trial court erred in granting the civil protection order.[1]
 {¶ 5} We must initially address the standard utilized by the trial court in reviewing the magistrate's decision. Civ.R.53(E) governs magistrate decisions and the subsequent actions required by a trial court Civ.R. 53(E)(4)(b) provides, in pertinent part, that: "The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hearadditional evidence, recommit the matter to the magistrate with instructions, or hear the matter. * * *" (Emphasis added.)
 {¶ 6} Magistrates are arms of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint." Quick v. Kwiatkowski (Aug. 3, 2001), Montgomery App. No. 18620, citing to Normandy PlaceAssociates v. Beyer (1982), 2 Ohio St.3d 102. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. Breece v. Breece (Nov. 5, 1999), Darke App. No. 99-CA-1491; Seagraves v. Seagraves (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069. In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and recommendations and enter its own judgment. Dayton v. Whiting
(1996), 110 Ohio App.3d 115, 118. Thus, when reviewing a magistrate's decision, the trial court is not acting as an appellate court, but rather views all evidence and testimony de novo.
 {¶ 7} An "abuse of discretion" standard, on the other hand, is an appellate standard of review. Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. Because a magistrate does not enjoy that independence, such presumptions are inappropriate to the trial court's review of a magistrate's decisions. Whiting, supra; Seagraves, supra. Therefore, a trial court errs when it applies the abuse of discretion standard of review in ruling on Civ.R. 53(E)(3) objections to the decision of the appointed magistrates. Reversal and an order of remand for a proper review are then required. See In re Watts (June 29, 2001), Montgomery App. No. 18665; In re Thomas (Apr. 7, 2000), Montgomery App. No. 18029.
 {¶ 8} Here, the trial court specifically deferred to the magistrate's factual findings and decision, including the credibility of the witnesses. In applying the "abuse of discretion" standard to the magistrate's decision, the court failed to conduct a proper independent de novo review of the objections to its magistrate's decision. Under Civ.R. 53, if the trial court needs additional facts, i.e. to see witnesses in order to judge credibility, it should conduct a hearing. Therefore, the trial court's judgment must be reversed and the case remanded for a proper ruling on appellant's objections.
 {¶ 9} Accordingly, appellant's first assignment of error is well-taken insofar as the trial court applied the wrong standard to review the magistrate's objections. We may not rule on the specific merits of appellant's second assignment of error until after the trial court has properly conducted its de novo review and entered an independent judgment.
 {¶ 10} The judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J., concur.
[1] {¶ a} Appellant misstates the trial court's standard for granting a protection order as "abuse of discretion" and "against the manifest weight of the evidence." Civil protection orders are governed by R.C. 3113.31. Before issuing a civil protection order, the trial court must conclude that the petitioner has shown, through a preponderance of the evidence, that he or she is in danger of domestic violence. Lavery v. Lavery (Dec. 5, 2001), Summit App. No. 20616, citing Felton v. Felton (1997),79 Ohio St.3d 34, paragraph two of the syllabus. See, also, Gattv. Gatt (Apr. 17, 2002), Medina App. No. 3217-M.
{¶ b} An appellate court reviews the granting of a civil protection order under the competent, credible evidencestandard. Gatt, supra, citing C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus. Thus, a trial court's judgment regarding the grant or denial of a protective order, will not be reversed if it is "supported by some competent, credible evidence going to all the essential elements of the case[.]" Id. See, also, Felton, supra, at 43.