DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant, Edward S. Hall, appeals the December 27, 2006 judgment of the Huron County Court of Common Pleas, Domestic Relations Division, which denied appellant's objections to the August 24, 2006 magistrate's decision terminating the shared parenting plan and awarding custody of the parties' minor son to *Page 2 
defendant-appellee, Claudette Hall (n/k/a Mayes). For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} The relevant facts are as follows. The parties were married in 1994, and have two minor children. G.H. was born in 1990, and was adopted by appellant; T.H. was born in 1992. On July 21, 2004, appellant filed a complaint for divorce; appellant requested custody of the children, child support, and equitable distribution of the property. On August 5, 2004, appellee filed an answer and counterclaim for divorce. In her counterclaim, appellee also requested custody of the children and child support, and she requested spousal support.
 {¶ 3} On January 10, 2005, the parties were granted a divorce. The divorce decree incorporated a shared parenting plan which named appellant, who resides in Huron County, Ohio, as the residential parent of T.H., and appellee, who resides in Bowie, Maryland, as the residential parent of G.H.
 {¶ 4} On March 3, 2006, appellee filed a motion to show cause and a motion for modification of parental rights and responsibilities. Appellee argued that appellant was in contempt of the divorce decree by "consistently" denying her ability to see T.H. Appellee also claimed that there was a change in circumstances which warranted that she be awarded custody of T.H. In particular, appellee argued that due to appellant's work schedule, T.H. was frequently left alone and was given an extensive list of chores. Appellee argued that T.H.'s grades had declined and that T.H. had expressed a desire to *Page 3 
reside with her. Appellant filed a motion to show cause on June 8, 2006, alleging that appellee had consistently denied him visitation with G.H.
 {¶ 5} At the August 2, 2006 hearing on the motions, the following testimony was presented. Appellee testified that she frequently asked for visits with T.H. and that appellant would refuse, say that he was not sure what they had planned, or indicate that they had prior plans. Appellee testified that she has been paying all of the airline fares for the visits; appellee wanted to have advance notice of visits so she could get less expensive tickets.
 {¶ 6} Appellee testified that appellant had been working late hours, sometimes until after 9:00 p.m., due to his new job with a local trucking company. Appellee testified that T.H. had telephoned her at 9:30 p.m., that he was still home alone since coming home from school, and that he had been given an extensive list of chores to do. Appellee testified that she gets home from work at 4:00 p.m.; she is off work for two weeks at Christmas, and during Easter and Thanksgiving breaks.
 {¶ 7} Appellee stated that T.H.'s grades had dropped from generally A's, B's and C's to C's, D's and F's. Appellee spoke with the school counselor and learned that T.H. had not been completing his homework.
 {¶ 8} Finally, appellee testified that T.H. was more comfortable communicating with her about a male hygiene issue. Appellee testified that T.H. told her that he was ready to live with her. *Page 4 
 {¶ 9} Appellant testified that he denied some of appellant's parenting time requests because they required that T.H. miss a day of school. Appellant further stated that some of appellee's requests were only days in advance. In the other extreme, appellant testified that appellee tried to set the parenting schedule one year in advance; appellant stated that, in the interim, events would invariably come up that he and T.H. would like to attend. Appellant stated that the 30-day notice period set forth in the divorce decree had worked well.
 {¶ 10} Regarding his employment, appellant testified that he works for a local trucking company; appellant works between eight and twelve hours daily, Monday through Friday. Appellant stated that when he works late, neighbors check in on T.H. and that he speaks to T.H. on the telephone. Appellant testified that he leaves a list of chores for T.H.; appellant stated that he would tell T.H. to choose a couple of the chores to complete. Examples of the chores included mowing the lawn, raking leaves, or doing laundry. Appellant admitted that he should have been paying closer attention to T.H.'s schoolwork; appellant testified that they spent an entire weekend completing missed homework assignments. The magistrate then conducted an in camera interview of T.H.; the interview was not recorded.
 {¶ 11} On August 24, 2006, the magistrate issued his decision. The magistrate denied both motions to show cause finding that the parties failed to establish their allegations by clear and convincing evidence. The magistrate, sua sponte, terminated the shared parenting plan; the magistrate found that the plan was not working due to the *Page 5 
parties' failure to communicate and cooperate in making joint decisions regarding the children. The magistrate then determined that it was in T.H.'s best interest to live with appellee based on appellee's availability, ability to better communicate with T.H., and likelihood of facilitating visitation.
 {¶ 12} Appellant filed objections to the magistrate's decision. Appellant argued that the decision awarding appellee custody of T.H. was against the manifest weight of the evidence and was not in T.H.'s best interest. Appellant argued that the magistrate erroneously failed to consider T.H.'s wishes with regard to custody and that the magistrate failed to demonstrate a change in circumstances.
 {¶ 13} On December 27, 2006, the trial court overruled appellant's objections to the magistrate's decision. The court found that after conducting an independent review of the record, the decision was supported by competent and credible evidence. Appellant timely appealed and raises the following assignment of error:
 {¶ 14} "1. The trial court utilized the wrong standard of review in its decision of December 26, 2006, in reviewing the magistrate's decision of 8/24/06, which failed to properly consider section3109.04(B)(1) and section 3109.04(E)(1)(a) in awarding a change in custody to the defendant/appellee/mother."
 {¶ 15} At the outset we note that a trial court is vested with broad discretion when determining the allocation of parental rights and responsibilities for the care of minor children. Miller v. Miller
(1988), 37 Ohio St.3d 71, 74. Absent an abuse of that discretion a trial court's judgment regarding these issues will be upheld. Masters v. *Page 6 Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In his sole assignment of error, appellant first argues that the trial court, when ruling on appellant's objections to the magistrate's decision, merely adopted the magistrate's decision and failed to independently review the evidence presented. This court has held:
 {¶ 17} "`Magistrates are arms of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint.' Quick v. Kwiatkowski (Aug. 3, 2001), 2d Dist. No. 18620, citing Normandy Place Associates v. Beyer (1982), 2 Ohio St.3d 102. * * *. In accordance with Civ.R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and recommendations and enter its own judgment.Dayton v. Whiting (1996), 110 Ohio App.3d 115, 118. Thus, when reviewing a magistrate's decision, the trial court is not acting as an appellate court, but rather views all evidence and testimony de novo." Kovacs v.Kovacs, 6th Dist. No. E-03-051, 2004-Ohio-2777, ¶ 6.
 {¶ 18} Although the trial court's December 27, 2006 judgment entry does not contain factual findings, the court stated: "Upon a careful and independent analysis of the record herein, including the transcript of the proceedings herein, the Court finds that the Magistrate's Decision is supported by competent and credible evidence." *Page 7 
Accordingly, we find that the trial court properly reviewed the objections to the magistrate's decision.
 {¶ 19} Appellant next argues that the magistrate improperly refused to consider the wishes of T.H. in determining custody; the magistrate inquired as to T.H.'s wishes during an in camera interview. R.C.3109.04(B)(1) provides that "the court, in its discretion, may and, at the request of either party, shall interview in chambers any of all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 20} In his August 24, 2006 decision, the magistrate made the following findings:
 {¶ 21} "52. The Magistrate has conducted an in-camera interview with the parties' minor child, [T.H.];
 {¶ 22} "53. At age fourteen (14) years, [T.H.] possesses sufficient reasoning ability to express meaningful wishes and concerns relative to the allocation of parental rights and responsibilities;
 {¶ 23} "54. The parents agreed at mediation to let [T.H.] express his wishes and to permit the child's wishes to be the deciding factor in this cause;
 {¶ 24} "55. The Magistrate previously has indicated that this is unacceptable because there is a requirement that all of the `best interest' factors be considered;
 {¶ 25} "56. Both parents have differing beliefs of what [T.H.] actually desires;
 {¶ 26} "57. While [T.H.] has expressed wishes and concerns related to the allocation of parental rights and responsibilities, it is readily apparent to the Magistrate *Page 8 
that [T.H.] is greatly affected by the tremendous pressure placed upon him by both parents in this cause and is being detrimentally affected thereby;
 {¶ 27} "58. After the in-camera interview, the Magistrate cannot be assured that [T.H.'s] wishes and concerns are anything but the product of the undue burden placed upon him by his parents;
 {¶ 28} "59. The Magistrate therefore will place no weight on [T.H.'s] wishes as expressed during the in-camera interview; * * *."
 {¶ 29} As set forth above, the trial court has broad discretion regarding custody issues. Miller, 37 Ohio St.3d at 74. The reason for such deference "is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418. It is apparent from the magistrate's decision that he was troubled by what he observed during the in camera interview with T.H. This court is not privy to what the magistrate observed during the interview and, based on this fact, will not second-guess the magistrate's decision to give no weight T.H.'s wishes.
 {¶ 30} We now turn to the trial court's determination to modify custody. Appellee's motion was for modification of the shared parenting decree based upon a change in circumstances, R.C. 3109.04(E)(1)(a). The trial court, however, terminated the shared parenting decree under R.C.3109.04(E)(2)(c); thus, the relevant inquiry is whether the trial court abused its discretion when it determined that shared parenting was *Page 9 
no longer in the best interests of the parties' children. R.C.3109.04(F)(1) provides the following factors for a court to consider when determining the best interest of a child:
 {¶ 31} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 32} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 33} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 34} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 35} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 36} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 37} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 38} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor; *Page 10 
 {¶ 39} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 40} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 41} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state." *Page 11 
 {¶ 42} The magistrate noted the following facts in making its decision: that appellee has greater availability; that there are communication issues between T.H. and appellant; that appellant could have been more diligent about T.H.'s diminished school performance; that T.H. and G.H. would be able to spend more time together; and that appellee appears somewhat more likely to facilitate parenting time.
 {¶ 43} Upon review, we agree that, as the court acknowledged, appellant and appellee are both "fit and proper" parents. We again note that that the magistrate was not required to determine that there had been a change in circumstances; rather, because he terminated the shared parenting plan he was making an initial determination as to custody. Accordingly, reviewing the factors that the trial court was required to consider in determining the child's best interest, we cannot conclude that the trial court's decision was against the manifest weight of the evidence. Accordingly, we find that appellant's sole assignment of error is not well-taken.
 {¶ 44} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1