[Cite as *Yazdani-Isfehani v. Yazdani-Isfehani*, 2012-Ohio-1031.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| Elizabeth Yazdani-Isfehani, | : | |
| | : | |
| Plaintiff-Appellee. | : | |
| | : | Case No. 11CA1 |
| v. | : | |
| | : | DECISION AND |
| Ramin Yazdani-Isfehani, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: March 8, 2012 |

_____

APPEARANCES:

Susan Gwinn, Athens, Ohio, for Appellant.

Elizabeth Yazdani-Isfehani, Albany, Ohio, pro se, Appellee.

_____

Kline, J.:

**{¶1}** Ramin Yazdani-Isfehani (hereinafter "Ramin") appeals the judgment of the Athens County Court of Common Pleas, which determined that the spousal support he pays to his ex-wife, Elizabeth Yazdani-Isfehani (hereinafter "Elizabeth"), shall continue until January 15, 2015. Ramin contends that the trial court erred by continuing Elizabeth's spousal support for an additional five years. Because the trial court reviewed the magistrate's decision under an appellate standard of review, we (1) do not reach the merits of Ramin's argument and (2) reverse the judgment of the trial court.

I.

**{¶2}** Ramin and Elizabeth married in December 1987, and during the marriage, the couple had six children. Elizabeth separated from Ramin in October 2004, when she

and the couple's children moved out of the marital home. The couple's final divorce hearing was in April 2007.

{¶3}    We have issued two decisions relating to the couple's divorce proceedings. Our first decision was in *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105. And our second decision was in *Yazdani-Isfehani v. Yazdani-Isfehani*, Athens App. No. 08CA3, 2008-Ohio-4662 (hereinafter "*Yazdani-Isfehani II*").

{¶4}    In *Yazdani-Isfehani II*, Ramin appealed Elizabeth's award of spousal support. Ramin challenged both the amount and the duration of spousal support. Id. at ¶6. We affirmed the amount of spousal support. Id. at ¶23. However, because the duration of support was indefinite, we remanded the case to the trial court. Id. at ¶25. . We held that, based on *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, the trial court erred by failing to determine whether Elizabeth had "the resources, ability and potential to be self-supporting[.]" *Yazdani-Isfehani II* at ¶32. We remanded the case to allow the trial court to continue its *Kunkle* analysis. Id. at ¶33.

{¶5}    Following our remand, the trial court referred the matter to a magistrate. And the magistrate held a hearing to determine whether Elizabeth had the resources, ability, and potential to be self-supporting. The magistrate issued a decision, and Ramin filed five objections to the magistrate's decision. The trial court addressed Ramin's objections (overruling four and sustaining one), and it ordered Ramin to pay spousal support of $1,400 per month to Elizabeth until January 21, 2015.

{¶6}    Ramin appeals and asserts the following assignment of error: I. "The trial court erred in awarding the plaintiff sustenance spousal support in the amount of $1,400 a month for five more years."

II.

{¶7}      In his sole assignment of error, Ramin contends that the trial court erred when it awarded Elizabeth $1,400 per month in spousal support until January 21, 2015.  As stated, Ramin objected to the magistrate's decision.  And the trial court then ruled on Ramin's objections in its judgment entry.

{¶8}      Initially, we note that the trial court reviewed the magistrate's decision under an inappropriate standard.  Civ.R. 53(D)(4)(d) provides the following: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.  In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Significantly, Civ.R. 53(D)(4)(d) "contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed.  The trial court may not properly defer to the magistrate in the exercise of the trial court's de novo review.  The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function."  *Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131, at ¶9 (citation omitted).  Thus, "[a] trial court errs when it reviews a magistrate's decision using an appellate standard of review because such action prevents an appellate court from conducting the appropriate review of the trial court's decision.  *Francis v. McDermott,* [Darke App.] No. 1744, 2008-Ohio-6723, at ¶14; *Quick v. Kwiatkowski* (Aug. 3, 2001), [Montgomery App.] No. 18620[.]  In such instances, reversal of the trial court's decision and remand of the proceedings are required."  *Jones* at ¶9.

**{¶9}**        In general, we presume that a trial court conducted an independent analysis

of a magistrate's decision.  *Mahlerwein v. Mahlerwein*, 160 Ohio App.3d 564, 2005-

Ohio-1835, at ¶47.  To demonstrate that a trial court erred in reviewing a magistrate's

decision, a party must "affirmatively demonstrate that the trial court failed to conduct the

independent analysis."  *Jones* at ¶10, citing *Arnold v. Arnold*, Athens App. No. 04CA36,

2005-Ohio-5272, at ¶31; *Mahlerwein* at ¶47.  Here, Ramin does not raise the trial

court's standard of review as error.  Nevertheless, the language in the judgment entry

shows that the trial court reviewed the magistrate's decision under an abuse-of-

discretion standard, which is an appellate standard of review.  See *Kovacs v. Kovacs*,

Erie App. No. E-03-051, 2004-Ohio-2777, at ¶5-9.  And the trial court's use of an

appellate standard of review prevents us from reviewing the trial court's decision.  *Jones*

at ¶9.

**{¶10}**        The trial court used abuse-of-discretion language in overruling Ramin's

second objection to the magistrate's decision.  In his second objection, Ramin asserted

that "[t]he Magistrate erred in awarding [Elizabeth] five more years of spousal support,

which was unreasonable and arbitrary."  Judgment Entry at 2.  In ruling on Ramin's

second objection, the trial court stated: "It should be evident this Court believes that

while [Elizabeth] may be able to become self-supporting, it is likely to take a long time,

and this is a direct result of how the family unit ([Ramin] and [Elizabeth]) created in

some way a disabled [wife] and in another required much more from her in terms of

raising the parties' children.  This Court believes five years of spousal support may be

adequate, and concludes the recommendation from the Magistrate is not unreasonable

or arbitrary.  Rather, she looked at the prospects for recovery for [Elizabeth] and

concluded at least five more years are required.  These conclusions were reached after consulting the factors set forth in R.C. 3105.18 and individually attempting to apply them to this case.  Thus, the Court finds Objection #2 without merit and OVERRULES it." Judgment Entry at 3-4.

{¶11}    By using the term "unreasonable or arbitrary," it is apparent that the trial court reviewed the magistrate's decision under an abuse of discretion standard.  See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 (An abuse of discretion "implies that the court's attitude is arbitrary, unreasonable, or unconscionable.").  And by "applying the 'abuse of discretion' standard to the magistrate's decision, the court failed to conduct a proper independent de novo review of the objections to its magistrate's decision."  *Kovacs* at ¶8.

{¶12}    Because the trial court "used the appellate abuse-of-discretion standard in reviewing the magistrate's decision[,] * * * we are unable to conclude that the trial court independently, and without deference to the magistrate, reviewed the matter before it." *Jones* at ¶14.  Therefore, we are "prevent[ed] * * * from conducting the appropriate review of the trial court's decision."  Id. at ¶9.  Accordingly, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND THIS CAUSE BE REMANDED for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

McFarland, J.: Concurs in Judgment and Opinion.
Abele, P.J.: Dissents.

For the Court

BY:_____
     Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**