[Cite as *M.M. v. R.M.*, 2019-Ohio-4507.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

M.M.                                          Court of Appeals No. L-19-1046

     Appellee                           Trial Court No. JC 18271546

v.

R.M.                                          **DECISION AND JUDGMENT**

     Appellant                          Decided:  November 1, 2019

* * * * *

R.M., pro se.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, R.M., appeals the February 19, 2019 judgment of the Lucas County Court of Common Pleas, Juvenile Division, ordering appellant to pay child support and cash medical support to appellee on behalf of their minor child.  For the reasons that follow, we affirm the trial court's judgment.

## I.  Background

{¶ 2} On August 23, 2018, the Northwest Judicial District Court of Williams County, North Dakota, entered a judgment granting a decree of divorce to appellant R.M. and appellee M.M.  That judgment noted the parties would be residing in Ohio following the divorce.  As a result, the court vacated its previous support order established under North Dakota law, and transferred the issue of child support for the parties' minor child, R.X.M., to Ohio to be determined under "Ohio child support guidelines and rules."  The North Dakota judgment further determined that "Ohio shall have jurisdiction over all issues pertaining to the parties' minor child."

{¶ 3} On October 31, 2018, citing the North Dakota decision, the Lucas County Child Support Enforcement Agency ("LCCSEA") filed a complaint to set support in the Lucas County Court of Common Pleas, Juvenile Division.  Contemporaneous with the filing of the complaint, the LCCSEA served R.M. with a request for production of documents, including financial information, related to the complaint.

{¶ 4} The matter proceeded to a hearing before a magistrate on January 17, 2019.  R.M. failed to appear for the hearing.  R.M. also failed to produce the requested financial information.  On January 23, 2019, the magistrate entered a decision with findings of fact.  The magistrate found the parties' minor child was in the care and custody of M.M. at the time of the hearing.  A Child Support Guideline Computation Worksheet was completed, including financial information for each party.  The computation worksheet was used to compute the parties' child support and cash medical support obligations, and

2.

the magistrate found R.M. to be the obligor with regard to child support. The magistrate ordered appellant to pay a pro rata share of support for the parties' only minor child based on the parties' income. Specifically, the magistrate ordered R.M. to pay a total of $613.52 per month to support R.X.M.

{¶ 5} On January 18, 2019, R.M. filed objections to the magistrate's decision. He claimed that there was a previous Ohio shared parenting plan that purportedly reflected the parties "mutual agreement through the court of 50/50 shared parenting and NO child support." (Emphasis sic.) R.M. also stated that he now provided health insurance for the parties' minor child.

{¶ 6} In a judgment entry dated February 19, 2019, the trial court denied R.M.'s objections to the magistrate's decision. The trial court noted that the record before the magistrate included the North Dakota Marital Termination Agreement but not the previous Ohio shared parenting plan that his objections relied upon. The trial court held that any prior agreement relating to child support was no longer enforceable because both parties now reside in Ohio and because M.M. was now the recipient of cash medical assistance. The trial court further held that R.M. was properly served with notice of the hearing before the magistrate but failed to appear. As a result, R.M. waived the opportunity "to appear and present his financial information, including evidence that [R.M.] provides health insurance for the parties' minor child. In [R.M.]'s absence, the Magistrate made her child support determination based on the information she had at the

3.

time of the hearing." Based on these facts, the trial court denied R.M.'s objections and adopted the magistrate's decision as its own judgment.

{¶ 7} R.M. timely appealed the trial court's February 19, 2019 judgment and asserts the following assignment of error for our review:

> The Court of Common Pleas, Juvenile Division based their decision on child support by using a State of North Dakota's child support determination, which was made prior to the Final North Dakota Judgment and current Shared Parenting Plan, Civil Case No. 53-2016-DM-00275 (appendix item A, page 2 paragraph 5, and appendix item B, page 5 paragraph 3A) Therefore, this court ruling does not reflect the Appellant's correct income for 2018 as per the Appellant's Federal Income Tax Return (appendix item C), and the Appellant's health insurance coverage.

## II. Law and Analysis

{¶ 8} When presented with objections to a magistrate's decision, Civ.R. 53 requires the trial court to "conduct an independent review of the facts and conclusions contained in the magistrate's report and recommendations and enter its own judgment." *Kovacs v. Kovacs*, 6th Dist. Erie No. E-03-051, 2004-Ohio-2777, ¶ 6. "Thus, when reviewing a magistrate's decision, the trial court is not acting as an appellate court, but rather views all evidence and testimony de novo." *Id.*

{¶ 9} Our review of a trial court's denial of a party's objection to a magistrate's decision, and subsequent adoption of the magistrate's decision, is for abuse of discretion.

4.

*In re. G.J.,* 6th Dist. Lucas No. L-09-1134, 2009-Ohio-6673, ¶ 15, citing *Wade v. Wade,* 113 Ohio App.3d 414, 419, 680 N.E.2d 1305 (11th Dist.1996). Abuse of discretion means that the trial court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} Here, R.M. argues that the trial court erred by adopting the magistrate's decision because the magistrate relied upon inaccurate information.[1] Specifically, R.M. argues that the magistrate did not consider his then-current salary and his provision of health insurance on behalf of the parties' minor child—neither of which were presented by M.M. at the hearing.

{¶ 11} The trial court's judgment entry overruling R.M.'s objections states that it conducted the independent review required under Civ.R. 53. The judgment entry makes specific conclusions resulting from that review. The trial court found that R.M. failed to appear for the January 17, 2019 hearing before the magistrate despite having been properly served with notice of the hearing. The trial court concluded that by failing to appear at the hearing, R.M. lost his opportunity to provide the magistrate with the evidence he suggests warranted a reduced support obligation.[2] The trial court also

---

[1] On appeal, R.M. does not argue the parties entered into an agreement that neither parent would be obligated to pay child support as he argued in his objection to the magistrate's decision. Therefore, neither this issue nor the validity of any such agreement is the subject of this appeal.

[2] Appellant attempted to introduce evidence in support of his argument on appeal by attaching his income tax returns and additional agreements between the parties to his brief. On August 9, 2019, we ordered these documents and all references to them struck

5.

concluded that the evidence before the magistrate—including the North Dakota Marital Termination Agreement, M.M.'s receipt of cash medical assistance, and the fact the parties have established residence in Ohio—supported the magistrate's decision. Therefore, the trial court concluded that there was no reason to disturb the magistrate's decision and the trial court adopted that decision as its own.

{¶ 12} R.M. argues that the trial court should have considered his most recent income tax returns and his provision of health insurance for R.X.M. He argues that had the trial court considered this information, his support obligations would have been reduced. R.M. fails to recognize, however, that this information was never provided to either the magistrate or the trial court. The magistrate's decision notes that R.M. failed to provide any financial information in response to the LCCSEA's document requests. This failure to respond to the document requests prevented the magistrate from considering that information. Further, the record shows that while R.M. filed objections to the magistrate's decision, he failed to make a request pursuant to Civ.R. 53(D)(4)(d) that the trial court consider this additional evidence. Instead, R.M. merely asked the trial court to provide him with an "opportunity to speak to the magistrate." Simply put, we find that the trial court did not abuse its discretion by failing to consider evidence that was not properly before it.

---

from R.M.'s brief as they were not introduced before the trial court. *See Robinson v. Larchmont East Apartments, Inc.*, 6th Dist. Lucas No. L-12-1323, 2014-Ohio-3517, ¶ 8, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978).

6.

{¶ 13} R.M. also suggests that M.M. provided incorrect information to the magistrate regarding the parties' income and the status of R.X.M.'s health insurance. R.M., however, failed to provide a transcript of the hearing as required by App.R. 9(A). "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). The failure to provide that transcript requires us to presume the validity of the lower court's proceedings. *Id*. Therefore, any suggestion by R.M. that the trial court committed reversible error by relying on incorrect evidence provided at the magistrate's hearing must be rejected.

{¶ 14} In sum, the trial court properly reviewed the evidence before it and adopted the magistrate's decision as its own judgment entry. Although R.M. points to evidence outside the record—which we cannot consider—R.M. fails to identify any portion of the record that demonstrates an abuse of discretion by the trial court in adopting the magistrate's decision as its own judgment in accordance with Civ.R. 53.

### III.  Conclusion

{¶ 15} We therefore find appellant's assignment of error not well-taken and affirm the February 19, 2019 judgment of the Lucas County Court of Common Pleas, Juvenile Division. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.