[Cite as *Lathrop v. Wood Cty. Dog Warden*, 2021-Ohio-2556.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Ashley Lathrop                                    Court of Appeals No. WD-20-059

    Appellee                                     Trial Court No. CVH1901424

v.

Wood County Dog Warden                    **DECISION AND JUDGMENT**

    Appellant                                     Decided:  July 23, 2021

* * * * *

James A. Grandowicz, Jr., for appellee.

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold and Joyce C. Nowak, Assistant Prosecuting
Attorneys, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Wood County Dog Warden, appeals the July 22, 2020

judgment of the Perrysburg Municipal Court denying its objections to the February 19,

2020 magistrate's decision reversing its designation of appellee Ashley Lathrop's dog as

a dangerous dog. Because we find that the court applied an improper standard of review in ruling on appellant's objections, we reverse.

{¶ 2} A brief overview of the underlying, undisputed facts is as follows. On October 20, 2018, Paulette Eckermann was gardening on her mother-in-law's back lawn when Zeus, a German Shepherd Dog owned by abutting landowner, Ashley Lathrop, crossed the near dry creek bed dividing the properties and began barking and snarling at her, hackles raised. Eventually the dog left the property.

{¶ 3} After discussing the incident with her husband and elderly mother-in-law (neither of whom had witnessed the incident), she and her husband, Thomas, decided to go to the Lathrop's house to inform them that their dog had been on the Eckermann property and had frightened Paulette. They drove to the home in their pick-up truck and pulled into the driveway. Thomas was bitten by Zeus as he stood in the driveway speaking with Lathrop's husband.

{¶ 4} On October 5, 2019, Lathrop was served with a notice that her dog had been designated a "dangerous dog" under R.C. 955.11(A)(1)(a). The designation required Lathrop to, inter alia, secure the dog on the premises and obtain liability insurance. The notice provided that the owner could contest the designation within ten days of receipt of the notice.

{¶ 5} On October 11, 2019, Lathrop filed a letter with Perrysburg Municipal Court contesting the designation and requesting a hearing on the matter. On January 27, 2020, Lathrop filed a motion in limine requesting that the court prevent the dog warden from

2.

introducing evidence of a 2008 failure to confine minor misdemeanor and any claims, other than the date of the bite incident, that Zeus was running loose off the Lathrop's property. The dog warden also filed a motion in limine requesting that the court exclude the testimony of disclosed plaintiff's witness, Lake Township officer Kelly Clark, questioning her credentials as an expert on provocation and whether such testimony would be considered relevant. The dog warden requested a hearing on the issue.

{¶ 6} A hearing on the matter was held on February 13, 2020. Prior to the start of the testimony the parties presented arguments regarding the dog warden's motion in limine; the court ultimately excluded the testimony of Officer Clark. The bite victim and his wife, the dog warden, and a deputy dog warden testified. Notably, Lathrop's surveillance camera captured the bite incident and the video was viewed, testified to, and admitted into evidence.

{¶ 7} On February 19, 2020, the magistrate issued his decision vacating the dog warden's dangerous dog designation. The magistrate concluded that the warden "failed to meet its burden to demonstrate by clear and convincing evidence that the dog caused injury without provocation." Approximately three hours later the trial court issued its judgment entry stating in full:

> This matter is before the court on the Magistrate's Decision issued
> February 19, 2020. Upon review of the case and decision, the Court adopts
> the magistrate's recommendation and decision as the judgment of this

3.

court, and vacates the Wood County Dog Warden's determination that petitioner's dog is a "dangerous dog" pursuant to R.C. 955.11(A)(1)(a), et. seq.

{¶ 8} On March 4, 2020, the dog warden filed its objections to the magistrate's decision and a hearing was held on July 8, 2020. The warden's main argument was that the magistrate adopted and applied an incorrect definition of provocation as it relates to the dangerous dog statute.

{¶ 9} At multiple points during the hearing, discussion was had concerning Civ.R. 53 and the court's standard of review when ruling on the objections. The court stated:

THE COURT: The idea in a Court of Appeals case is, deference is given the trial court Judge as to the interpretation of the facts, et cetera, correct?

* * *

THE COURT: So in other words, the Court will usually give deference to the trial court because they've heard the case, they've heard the case, they've heard the witnesses, et cetera.

* * *

THE COURT: Do you feel that I am --- as to the objections filed --- not to give deference to the magistrate – I am supposed to interpret everything de novo?

* * *

I can, as the Judge when there's an objection filed, I can review that. Again, you know, we can do a couple things. We can do a de novo hearing, we can do a review of the facts, and I can issue a decision based on that. So I was asking – to make sure of the deference issue. I do think there is always going to be some deference given to the trier – the trier of the case. But, that is not the end all, be all. Even to the extent that an appeal – like, in a typical criminal case, the appeal going up to the Court of Appeals, they would give more deference than I think I am required to do.

{¶ 10} Following the hearing, supplemental memoranda were filed. On July 22, 2020, the trial court denied the dog warden's objections. The court concluded that the magistrate properly limited the evidence, interpreted the evidence, and that the definition of provocation employed by the magistrate did not negatively impact the decision as asserted. The court agreed that the magistrate improperly took judicial notice of the character and nature of dogs but concluded that that the error did not impact the judgment.

{¶ 11} This appeal followed with appellant raising six assignments of error for our review:

Assignment of Error I: The trial court erred and created reversible error when it applied the wrong standard of review to its review of the magistrate's decision.

Assignment of Error II:  Both the magistrate and trial court erred and created reversible error when they improperly excluded testimony under Evid.R. 404(B).

Assignment of Error III:  Both the magistrate and the trial court erred and created reversible error when they improperly excluded testimony under Evid.R. 702.

Assignment of Error IV:  Both the magistrate and the trial court erred and created reversible error when they found that the dog warden did not satisfy its burden at the dangerous dog designation hearing by sufficient evidence.

Assignment of Error V: Both the magistrate and the trial court erred and committed reversible error because their decisions went against the manifest weight of the evidence.

Assignment of Error VI: Cumulative error by both the magistrate and the trial court require reversal of the judgments in this case.

{¶ 12} Appellant's first assignment of error argues that the trial court's ruling on the objections was in error because it applied the wrong standard of review.  Objections to a magistrate's decision is controlled by Civ.R. 53(D) which provides, in part:

(4) Action of Court on Magistrate's Decision and on Any Objections to Magistrate's Decision; Entry of Judgment or Interim Order by Court.

* * *

(d) Action on Objections.  If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections.  In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.  Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶ 13} A magistrate is an arm of the appointing court; it follows that the court remains "responsible to critically review and verify" the work of the magistrate it appoints.  *Kovacs v. Kovacs*, 6th Dist. Erie No. E-03-051, 2004-Ohio-2777, ¶ 6.  A trial court's review is de novo.  Thus, "the trial court should not adopt a magistrate's ""'findings of fact unless the trial court fully agrees with them-that is, the trial court, in weighing the evidence itself and fully substituting its judgment for that of the [magistrate], independently reaches the same conclusion.'""  *Becher v. Becher*, 2020-Ohio-669, 152 N.E.3d 495, ¶ 24 (8th Dist.), quoting *McCarty v. Hayner*, 4th Dist. Jackson No. 08CA8, 2009-Ohio-4540, ¶ 17, quoting *DeSantis v. Soller*, 70 Ohio App.3d 226, 233, 590 N.E.2d 886 (10th Dist.1990).

{¶ 14} "'Ordinarily it is presumed that the trial court performed an independent analysis in reviewing the magistrate's decision.'"  *In re J.P.*, 10th Dist. Franklin No. 16AP-61, 2016-Ohio-7574, ¶ 13, quoting *Rowell v. Smith*, 10th Dist. Franklin No. 12AP-

7.

802, 2013-Ohio-2216, ¶ 35; *Gilleo v. Gilleo*, 3d Dist. Mercer No. 10-10-07, 2010-Ohio-5191, ¶ 46. Thus, "the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform the required independent analysis." *In re J.P.* at ¶ 13, citing *Rowell* at ¶ 35; *Gilleo* at ¶ 46. On appeal, we review the court's decision overruling or sustaining objections to the magistrate's decision for an abuse of discretion. *Thompson Thrift Constr. v. Lynn*, 2017-Ohio-1530, 89 N.E.3d 249, ¶ 56 (5th Dist.). A court abuses its discretion where its judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} In the present case, the trial court ruled on the dog warden's objections as follows:

{¶ 16} **Objection 1**: The court's factual findings were not "wholly consistent" with the testimony of Mrs. Eckermann as to the aggressive nature of the encounter with the subject dog. The court concluded that the warden's argument that enough weight was not given to the testimony was not a basis to overturn the decision and, regardless, was based on a collateral matter. The court further stated: "The Magistrate heard the testimony, saw the manner of testimony of the witnesses in real time, face to face and was in the best position to interpret/judge that testimony."

{¶ 17} **Objection 2**: The finding that he dog was provoked prior to the bite was inconsistent with the evidence presented at the hearing. Denying the objection the court stated: "While there might likely be different interpretations of evidence presented when

8.

different individuals review evidence, the Court of loathe to attempt [to] substitute its judgment from above."

{¶ 18} **Objection 3**: Related to the injury required and the court concluded it was not relevant under the statute.

{¶ 19} **Objection 4**: The magistrate used an improper definition of "provocation" which included finding that the bite victim "persisted in worrying or alarming behavior." The court concluded that the definition argued for did not change the analysis and that

> [i]nterpretation of the evidence and what weight to view it are the purview of the trier of fact. In my review of the evidence and testimony, I cannot say that the Magistrate lost his way in that interpretation. While I as Judge might view evidence in a different light, the Court must not solely substitute its judgment after the fact.

{¶ 20} **Objection 5**: The court agreed that the magistrate improperly took judicial notice of the "nature of dogs" but concluded that "[u]pon reviewing the evidence, the transcript and the exhibits, I cannot say that the Magistrate lost his way and did improperly determine the factual issues, nor am I persuaded that the Magistrate did not appropriately apply the law on this matter."

{¶ 21} Summarizing its reasons for denying the objections the court concluded:

> Again, differences of opinion as to interpretation of the evidence and rulings based on arguments at trial are not a basis to find that the Magistrate did not have a proper basis to determine the dispositive issues at trial, and

9.

the Court is loath to substitute its judgment from above as it was not the trier of fact at the trial. The Court does not wish to be a "Monday morning quarterback" and use hindsight as a basis to overturn the Magistrate's decision because it may have viewed a particular piece of evidence or testimony or argument differently so long as the decision itself is based on legally sufficient grounds.

Reviewing the court's decision, we note that the court employed a deferential standard of review, not a de novo standard of review. This was in error. *See Kovacs*, 6th Dist. Erie No. E-03-051, 2004-Ohio-2777, at ¶ 8; *In re J.P.*, 10th Dist. Franklin No. 16AP-61, 2016-Ohio-7574, at ¶ 25-32; *Barrientos v. Barrientos*, 196 Ohio App.3d 570, 2011-Ohio-5734, 964 N.E.2d 492, ¶ 7 (3d Dist.). Appellant's first assignment of error is well-taken.

{¶ 22} Based upon our resolution of the dog warden's first assignment of error, we find that the second through sixth assignments of error are moot and they will not be addressed. App.R. 12(A)(1)(c); *Kovacs* at ¶ 9.

{¶ 23} Accordingly, we reverse the July 22, 2020 judgment of the Perrysburg Municipal Court and remand the matter to the trial court to properly rule on the dog warden's objections. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

10.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Christine E. Mayle, J.

Myron C. Duhart, .J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.