OPINION
{¶ 1} Plaintiff-appellant herein, Sandra Reese (hereinafter "Sandra"), appeals the judgment of the Union County Court of Common Pleas, Domestic Division, granting Sandra a divorce from appellee, Gary Reese, and dividing their property. Following consideration of the issues presented, we reverse the decision of the trial court and remand the matter for further proceedings.
 {¶ 2} Sandra married Gary Reese (hereinafter "Gary") on July 7, 2000. The parties separated on August 15, 2002. Sandra filed for divorce on August 19, 2002.
 {¶ 3} On March 11, 2003, the final divorce hearing was held before a magistrate. On April 9, 2003, the magistrate granted Sandra and Gary a divorce and divided their property. As part of the division of property, the magistrate found that a bank account, held at Farmer's State Bank, was the separate property of Gary and ordered Sandra to repay $6,641.59 that she had withdrawn from this account. The magistrate also found Sandra in contempt for violating a previously filed restraining order because she removed property from the marital residence. Sandra was sentenced her to three days in jail for this contempt.
 {¶ 4} Sandra filed objections to the magistrate's decision on April 23, 2003 as well as supplemental objections on September 11, 2003. In sum, Sandra submitted eight objections to be considered by the trial court. On September 12, 2003, the trial court ruled on the objections, overruling all but one, regarding the division of a savings account.[1]
 {¶ 5} It is from this decision that Sandra appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in arriving at final judgment in thiscase by affirming the magistrate's decision without undertaking ade novo determination of the issues raised by plaintiff'sobjections, which were timely filed with a complete transcript oftrial proceedings.
 {¶ 6} Sandra asserts that the trial court employed an improper standard of review when ruling on her objections to the magistrate's decision. She does not contend, however, that the trial court failed to consider the evidence before it or merely "rubber stamped" the magistrate's decision. Rather, she argues that the trial court used the appellate standard of review, instead of making an independent determination as contemplated by Civ.R. 53. Sandra maintains that because the trial court used the wrong standard of review, the trial court's decision is erroneous as a matter of law.
 {¶ 7} Civ.R. 53 grants a court the power to appoint magistrates and to fix their compensation. The rule further delineates the limits of a magistrate's power, the proceedings to be followed when appearing before a magistrate and the effect of a magistrate's decision. Civ.R. 53(C), (D) and (E), respectively. Civ.R. 53 also allows a party to object to a magistrate's decision and provides for the trial court's action upon such objections.
 {¶ 8} Prior to 1995, Civ.R. 53 declared that a magistrate's findings of fact must be sufficient for the trial court to "make an independent analysis of the issues and to apply appropriate rules of law when reaching a judgment order." Civ.R. 53(E)(5), effective 7-1-85. Emphasis added. To this effect, the Ohio Supreme Court cautioned, "A trial judge who fails to undertake a thorough independent review of the magistrate's report violates the letter and spirit of Civ.R. 53 * * *." Hartt v. Munobe
(1993), 67 Ohio St.3d 3, 6.
 {¶ 9} Civ.R. 53 was, however, amended in 1995 and the "independent review" language was omitted. The correlating Staff Note to the 1995 amendment provided, "a magistrate's decision to which no objection is made may be adopted unless there is apparent error; the judge is no longer required to conduct an independent review and make a determination himself or herself." Although Civ.R. 53 was again amended in 1996 and 1998, the subsequent amendments were not relevant to the standard of review to be employed by the trial court. Therefore, the current version of Civ.R. 53 states in pertinent part:
(a) * * * The magistrate's decision shall be effective whenadopted by the court. The court may adopt the magistrate'sdecision if no written objections are filed unless it determinesthat there is an error of law or other defect on the face of themagistrate's decision.
 (b) * * * The court shall rule on any objections. The courtmay adopt, reject, or modify the magistrate's decision, hearadditional evidence, recommit the matter to the magistrate withinstructions, or hear the matter. * * *
 {¶ 10} Since the 1995 amendment, Ohio appellate courts have interpreted and applied Civ.R. 53 differently. As a result, there have emerged two different positions regarding the standard of review required by a trial court upon consideration of objections to a magistrate's decision. The Second, Fifth, Tenth, Eleventh and Twelfth Districts have taken the position that the amendment has not altered the trial court's duty to conduct an independent review when a party files objections to a magistrate's report.[2] In contrast, the First, Eighth and Ninth Districts have concluded that even when objections are filed, a trial court is not required to undertake an independent review, although it may choose to do so.[3]
 {¶ 11} After consideration of the two competing interpretations, the language of the rule and the Staff Notes to the 1995 amendment, we conclude that Civ.R.53 still requires a trial court to conduct an independent review when a party files objections to the decision of the magistrate.
 {¶ 12} The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function.Knauer v. Keener (2001), 143 Ohio App.3d 789, 793. It is the primary duty of the trial court, and not the magistrate, to act as judicial officer. Takacs v. Baldwin (1995),106 Ohio App.3d 196. Moreover, the power to decide contested matters among parties before the court is the essence of the authority and responsibility allocated to the judicial branch of government. See Section 4, Article IV, Ohio Constitution. Under Ohio's constitutional and statutory system, the judicial power resides in a popularly elected judiciary and not in judicially appointed magistrates. See Section 6, 13, Article IV, Ohio Constitution; Section 2, Article XVII, Ohio Constitution; R.C. 1901.08; R.C.2301.02.
 {¶ 13} An appellate court, on the other hand, in reviewing a trial court's disposition of objections to a magistrate's report, will not reverse the trial court's decision if it is supported by some competent, credible evidence. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. We recognize, also, that a trial court has broad discretion in determining an equitable distribution of property in divorce cases. Lust v. Lust (July 17, 2002), Wyandot App. No. 16-02-04, 2002-Ohio-3629, at ¶ 25, quoting Bisker v. Bisker (1994), 69 Ohio St.3d 608, 609,1994-Ohio-307.
 {¶ 14} In the case sub judice, Sandra filed eight objections to the magistrate's decision. The objections regarded the classification and division of separate and marital property, the cost of medical insurance, and the magistrate's finding of contempt against Sandra for the removal of property from the marital home.
 {¶ 15} The trial court overruled all but one objection involving division of a savings account. In the concluding paragraphs of the judgment entry, the trial court stated:
If there is some competent, credible evidence to supportthe trial court's decision, there is no abuse of discretion.Matters not before the Magistrate at the time of hearing shouldnot be the basis for objections. Judge Evans of the ThirdDistrict * * * stated * * * that the statutory standard of reviewis to determine whether the decision is supported by evidencepresented on the record.
 With the above case law in mind, we now must look at thetranscript to see if there is competent, credible evidence tosupport the findings of the Magistrate. Finding evidence on eachobjection supporting the Magistrate's decision, it is affirmedand these objections are overruled. (Citations omitted, emphasis added.)
 {¶ 16} Based upon the above language, it appears that the trial court used the appellate standard of review when ruling on Sandra's objections to the magistrate's report. However, the other language in the judgment entry is ambiguous in that regard and we cannot affirmatively determine whether or not the trial court conducted an independent review of the magistrate's decision as required by Civ.R. 53. We recognize that the trial court did not "rubber stamp" the magistrate's decision as multiple references to the transcript were made; however, in the absence of language setting forth the proper standard of review, we are also unable to conclude with confidence that the trial court independently reviewed the evidence before it.
 {¶ 17} By sustaining appellant's first assignment of error, as we hereby do, we will enable the trial court to either independently review each objection and/or to affirmatively state that it has done so.
 {¶ 18} Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. II The trial court erred in adopting the decision of themagistrate that the joint savings account of the parties locatedat the Farmer's State Bank was the separate property ofdefendant-husband and requiring the wife to repay the husband sixthousand six hundred forty-one and 59/100 ($6,641.59) dollarswithin seven (7) days from the filing of the final entry.
 ASSIGNMENT OF ERROR NO. III The trial court erred in adopting the decision of themagistrate finding the plaintiff in contempt for removingpersonal property from the marital residence in order to meet herliving needs and sentencing her to serve three (3) days in jail.
 {¶ 19} Based upon the fact that we are unable to determine that the trial court made an independent review of the magistrate's decision when ruling on objections as required by Civ.R. 53, Sandra's second and third assignments of error are rendered moot.
 {¶ 20} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
Shaw, P.J., and Bryant, J., concur.
[1] The objection sustained by the trial court regarding the equal division of a savings account is not at issue in the present appeal.
[2] See Pacific v. Interstate Ford, Inc. (May 17, 1996), 2nd Dist. No. 15427; Rhoads v. Arthur (June 30, 1999), 5th Dist. No. 98CAF10050; Holland v. Holland (Jan. 29, 1998), 10th Dist. No. 97APF08-974; In re Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L-067; Cox v. Cox (Feb. 16, 1999), 12th Dist. No. CA98-05-007.
[3] See Weber v. Weber (June 30, 1999), 9th Dist. No. 2846-M; Gergacz v. Gergacz (Apr. 21, 2000), 1st Dist. Nos. C-990502, and C-990526; Schwartz v. Osiatynski (Dec. 18, 1997), 8th Dist. No. 71968.