JONES, Appellee,

v.

SMITH, Appellant.

[Cite as *Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 09CA9.

Decided Jan. 13, 2010.

146

Brenda K. Neville, for appellee.

Brigham M. Anderson, for appellant.

McFARLAND, Presiding Judge.

{¶ 1} Respondent-appellant, Sasha A. Smith, appeals the decision of the Lawrence County Court of Common Pleas, Probate–Juvenile Division.  The trial

court affirmed the magistrate's decision granting the request of petitioner-appellee, Derek R. Jones, to change the surname of the parties' child. Because the language of the judgment entry indicates the trial court might not have undertaken an independent review of the objections to the magistrate's decision, we sustain appellant's first assignment of error and remand the case for further proceedings consistent with this opinion.

## I. Facts

{¶ 2} Smith gave birth to a child in March 2008; at the time, she was unmarried. Smith gave the child her surname and did not list the name of the father on the birth certificate. Approximately three months later, Jones initiated judicial proceedings to establish paternity and to determine associated issues, including child support and parenting time. Jones also requested that the child's surname be changed to that of his own. The matter proceeded to trial before the magistrate, and all matters, except the name change, were agreed upon or decided by the court.

{¶ 3} After taking the matter under advisement, the magistrate issued a decision finding that it was in the child's best interest to change the child's surname from Smith to Jones. Smith filed objections to the magistrate's decision, and the matter was scheduled for hearing before the trial court. After a full hearing, the trial court subsequently upheld the magistrate's decision. Smith then timely filed the current appeal.

## II. Assignments of Error

I. The trial court applied the wrong standard of review on objections to a magistrate's decision.

II. The trial court's decision to change the surname of the minor child was based upon insufficient evidence and is contrary to law.

## III. First Assignment of Error

{¶ 4} In her first assignment of error, Smith argues that the trial court erred by reviewing her objections to the magistrate's decision under the wrong standard of review.

{¶ 5} The Supreme Court of Ohio has listed the factors a trial court should consider in deciding whether to change a child's surname. "[W]e hold that in determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of

sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest." *In re Willhite* (1999), 85 Ohio St.3d 28, 32, 706 N.E.2d 778, citing *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 528 N.E.2d 180, paragraph two of the syllabus, and *In re Change of Name of Andrews*, 235 Neb. 170, 177, 454 N.W.2d 488.

{¶ 6} Further, the Supreme Court cautioned trial courts against using a best-interest analysis to give greater weight to the father's interest in having the child bear his surname than the mother's. "While it may be a custom to name a child after the father, giving greater weight to the father's interest fails to consider that, where the parents have never been married, the mother has at least an equal interest in having the child bear the maternal surname. In these times of parental equality, arguing that the child of unmarried parents should bear the paternal surname based on custom is another way of arguing that it is permissible to discriminate because the discrimination has endured for many years." *Bobo* at 334, 528 N.E.2d 180.

{¶ 7} In the case sub judice, though the magistrate's decision did engage in the required best-interest analysis, we do not reach a review of that analysis, because the trial court adopted the magistrate's decision using an appellate standard of review. In its judgment entry upholding the magistrate's decision, the trial court stated:

{¶ 8} "The Court finds the Magistrate properly considered the issues before the Court and rendered a decision, which did not indicate an abuse of discretion. The Magistrate's Decision was not unreasonable, unconscionable, or arbitrary as the focus on the decision was based upon the best interest of the child. The defendant, through counsel, makes effort to frame the Magistrate's Decision in a manner, which could render the decision inconsistent with Ohio law. However the Court finds the argument to be without merit. Therefore the court adopts the Magistrate's Decision filed on January 9, 2009."

{¶ 9} Under Juv.R. 40, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). That rule, like the identically worded Civ.R. 53(D)(4)(d), "contemplates a de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed. The trial court may not properly defer to the magistrate in the

exercise of the trial court's de novo review. The magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function." *Knauer v. Keener* (2001), 143 Ohio App.3d 789, 794, 758 N.E.2d 1234.[1] A trial court errs when it reviews a magistrate's decision using an appellate standard of review because such action prevents an appellate court from conducting the appropriate review of the trial court's decision. *Francis v. McDermott,* 2nd Dist. No. 1744, 2008-Ohio-6723, 2008 WL 5273258, at ¶ 14; *Quick v. Kwiatkowski* (Aug. 3, 2001), 2nd Dist. No. 18620, 2001 WL 871406, at *4. In such instances, reversal of the trial court's decision and remand of the proceedings are required. Id.

{¶ 10} An appellate court presumes that a trial court performed an independent analysis of a magistrate's decision. *Mahlerwein v. Mahlerwein,* 160 Ohio App.3d 564, 2005-Ohio-1835, 828 N.E.2d 153, at ¶ 47. Therefore, the party asserting error must affirmatively demonstrate that the trial court failed to conduct the independent analysis. *Arnold v. Arnold,* 4th Dist. No. 04CA36, 2005-Ohio-5272, 2005 WL 2416378, at ¶ 31; *Mahlerwein* at ¶ 47. Further, simply because a trial court adopted a magistrate's decision does not mean that the court failed to exercise independent judgment. *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Adams* (July 23, 1999), 4th Dist. No. 98CA2617, 1999 WL 597257, at *9.

{¶ 11} Here, Jones does not contest that the trial court was required to review the magistrate's decision under a de novo standard of review. Rather, he argues that the court did, in fact, review and confirm the magistrate's decision using that standard. Conversely, Smith argues that the language of the trial court's judgment entry indicates that the trial court used an appellate standard of review. We agree. Because the trial court used such language, we cannot affirmatively conclude that it conducted the required independent review of the magistrate's decision.

{¶ 12} In *Quick v. Kwiatkowski,* the Second District Court of Appeals, when presented with a similar scenario, stated the following:

{¶ 13} "The 'abuse of discretion' standard that the trial court applied to review the decision of its magistrate is an appellate standard of review. It is applicable to the review performed by a superior court of the judgments and orders of inferior courts. Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions. Because its magistrate does not enjoy that independence, such

---

1.  Discussing former Civ.R. 53(E)(3)(b), predecessor statute to current Civ.R. 54(D)(4)(d).

presumptions are inappropriate to the trial court's review of a magistrate's decisions. Therefore, a trial court errs when it applies the abuse of discretion standard of review * * *." *Quick* at *3, quoting *Rammel v. Rammel* (May 9, 1997), 2nd Dist. No. 15887, 1997 WL 337668, at *3. See also *Francis* at ¶ 15–17; *Kimmel v. Shaffer*, 12th Dist. No. CA2009–05–015, 2009-Ohio-5279, 2009 WL 3165588, at ¶ 16; *Reese v. Reese*, 3rd Dist. No. 14–03–42, 2004-Ohio-1395, 2004 WL 549812, at ¶ 16.

{¶ 14} In *Quick*, the trial court's decision was reversed even though it did not use the phrase "abuse of discretion" or other terms denoting the adoption of a deferential standard of review. In the case sub judice, the trial court specifically stated that the magistrate's decision "did not indicate an abuse of discretion" and that "[t]he Magistrate's Decision was not unreasonable, unconscionable, or arbitrary." Whether or not it was the trial court's intent, that language implies that the trial court used the appellate abuse-of-discretion standard in reviewing the magistrate's decision. Therefore, we are unable to conclude that the trial court independently, and without deference to the magistrate, reviewed the matter before it.

{¶ 15} Accordingly, we sustain Smith's first assignment of error and remand the matter to allow the trial court to independently review the objections to the magistrate's decision or, if it has already undertaken an independent review, to enter a judgment entry devoid of language indicating that it employed a deferential review. As Smith's first assignment of error requires remand, we decline to address her remaining assignment of error. Judgment reversed and cause remanded.

Judgment reversed
and cause remanded.

KLINE and ABELE, JJ., concur.