[Cite as *Williams v. Matthews*, 2013-Ohio-483.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98136

---

## DONALD C. WILLIAMS

PLAINTIFF-APPELLEE

vs.

## IVAN MATTHEWS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED; REMANDED FOR CORRECTIONS

---

Civil Appeal from the
Cleveland Municipal Court
Case No. 2008 CVI 024776

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**      February 14, 2013

**FOR APPELLANT**

Ivan Matthews, Pro Se
3305 East 143rd Street
Cleveland, OH 44120


**FOR APPELLEE**

Donald C. Williams
1370 Ontario Street
Suite 330
Cleveland, OH 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Ivan Matthews ("Matthews") appeals pro se the trial court's award in favor of appellee Donald C. Williams ("Williams") in the amount of $2,207.50 and assigns 12 errors for our review.[1]

**{¶2}** Having reviewed the record and relevant law, we affirm the trial court's judgment but remand the matter for the trial court to make corrections. The apposite facts follow.

## Facts

**{¶3}** No transcript of the proceedings was provided. Instead, the appellant submitted an App.R. 9(C) statement. According to the statement, Matthews was charged with the crime of menacing by stalking. He retained attorney Williams to represent him. According to the written attorney-client agreement, Williams agreed to represent Matthews in exchange for a $1,750 retainer fee at an hourly rate of $185. Williams provided extensive legal services to Matthews from December 12, 2007 to March 4, 2008. Williams was paid a total of $1,400 as compensation for his services.

**{¶4}** Williams withdrew from representing Matthews because Matthews and his family became unhappy with his representation and threatened Williams while at his office. The trial court granted his motion to withdraw.

---

[1] *See* appendix.

**{¶5}** Because a balance of $2,207.50 remained due and owing to Williams for legal services he provided Matthews, Williams filed a complaint in small claims court against Matthews on October 29, 2008. After several continuances were granted and various motions ruled upon, a hearing was held before a magistrate on April 26, 2012.

**{¶6}** The magistrate concluded that attorney Williams was a more credible witness than Matthews and ordered Matthews to pay the balance of his legal fees in the amount of $2,207.50, plus interest. The trial court adopted the magistrate's decision.

### Motion to Transfer

**{¶7}** In his first assigned error, Matthews argues the trial court abused its discretion when it cancelled the trial scheduled for March 4, 2009. He contends the trial court should have dismissed Williams's complaint because Williams failed to appear at the hearing.

**{¶8}** After several continuances were requested by Matthews and granted, the trial court set trial for March 4, 2009. On the afternoon prior to the trial, Matthews filed a motion to transfer the case to the common pleas court because he filed a counterclaim in the amount of $20,310. As a result, the magistrate cancelled the trial scheduled for the next day.

**{¶9}** A review of the magistrate's decision regarding its decision to cancel the hearing shows that the magistrate did so because Matthews filed a motion to transfer his case to court of common pleas at approximately 3:00 p.m. the day before trial. The magistrate explained that:

**Because of the lateness of the filing, the Clerk of Court's Office immediately sent the defendant's motion to transfer to the Small Claims Magistrate, the undersigned. In order for the matter to be handled properly, the decision was made to cancel the March 4, 2009 trial pending ruling on the defendant's motion. An attempt was made to contact both parties to advise them not to appear. A message was left for [Matthews]. However, because [Matthews] repeatedly failed to give the court a telephone number by which he could be contacted, the Magistrate was unable to advise him not to appear.** Magistrate's Decision, April 2, 2010.

{¶10} Thus, it appears the only reason attorney Williams did not appear at the hearing was because the court telephoned him and told him not to appear. The court tried to extend the same courtesy to Matthews, but because he failed to provide the court with a telephone number, the court was unable to contact him.

{¶11} Under these circumstances, where Matthews filed the motion on the eve of trial, and the court had not received or reviewed the counterclaim, the court did not abuse its discretion by affirming the magistrate's decision to cancel the hearing. Moreover, to further complicate the matter, it appears that the counterclaim was filed in the court of common pleas, not the municipal court, and attorney Williams was not served with a copy of the counterclaim. To proceed with the hearing under these circumstances would have been unfair to Williams. Accordingly, Matthews' first assigned error is overruled.

## Motion to Vacate

{¶12} In his second assigned error, Matthews contends that the trial court erred by vacating its dismissal of Williams's complaint without prejudice.

{¶13} A trial court's decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies within its sound discretion; thus, the decision will not be

disturbed absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748. When applying this standard, the appellate court may not substitute its judgment for that of the trial court. *Id*.

{¶14} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Because the requirements of Civ.R. 60(B) are stated in the conjunctive, if one of the requirements is not met, relief from judgment cannot be granted. *Strack* at 174.

{¶15} Williams satisfied all three prongs of the test. Williams had a meritorious claim that he was owed money for his legal services from Matthews. He filed his motion mere days after the dismissal judgment was entered. He stated that although he had used his new address in filing the complaint, the municipal court computer used his old address

as the address to which to send notices and orders. This would fall under the grounds of mistake or inadvertence pursuant to Civ.R. 60(B)(1). We find no basis to conclude the trial court abused its discretion in vacating its dismissal. Accordingly, Matthews' second assigned error is overruled.

## Court's Review of Objections

{¶16} In his third, fifth, tenth, and eleventh assigned errors, Matthews argues the trial court failed to conduct an independent review of his objections to the various magistrate decisions and that the magistrate failed to issue requested findings of fact and conclusions of law.

{¶17} In reviewing a trial court's ruling on objections to a magistrate's decision "[a]n appellate court presumes that a trial court performed an independent analysis of a magistrate's decision." *Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131, 931 N.E.2d 592, ¶ 10 (4th Dist.); *see also Alessio v. Alessio*, 10th Dist. No. 05AP-988, 2006-Ohio-2447, ¶ 36. Therefore, a party asserting error must affirmatively demonstrate that the trial court failed to conduct the independent analysis. *Id.* Further, simply because a trial court adopted a magistrate's decision does not mean that the court failed to exercise independent judgment. *Id.* Matthews has failed to "affirmatively demonstrate" that the court failed to conduct an independent review of the magistrate's decisions.

{¶18} Matthews contends that the trial court did not independently review the magistrate's decisions to cancel the March 4, 2009 hearing and to deny Matthews' motion to transfer. He contends that if the court had reviewed the decision it would

realize that magistrate, who did not preside at the March 4, 2009 hearing, issued the decision to cancel the hearing and deny the motion. However, there was no March 4, 2009 hearing, because it was cancelled. The decision regarding the motion to transfer involved merely procedural matters that could have been determined by any of the available magistrates.

{¶19} Matthews also contends he did not receive any response to his February 4, 2011 request for findings of fact and conclusions of law. However, the record does not show that such a request was filed. The record indicates that every time that Matthews requested findings of fact and conclusions of law, the magistrate responded. In fact, the magistrate provided findings when it was not obligated to do so. For instance, the court was not obligated to provide findings of facts and conclusions of law when it was ruling on purely procedural matters where no evidence was submitted. *See Savage v. Zeigler*, 4th Dist. No. 06CA5, 2006-Ohio-2760 ("Although Rule 52 mandates the issuance of findings of fact and conclusions when questions of fact are tried by the court without a jury, the Rule specifically holds that such findings are 'unnecessary upon all other motions.'")

{¶20} Matthews also contends the trial court failed to conduct an independent review because it failed to determine that a mathematical error occurred regarding the amount of money Matthews paid to Williams. Based on the evidence presented in the App.R. 9(C) statement and the itemized bill, Matthews only paid a total of $1,400

towards his fees. Therefore, there was no basis for the trial court to determine an error occurred.

**{¶21}** Matthews also contends the trial court erred by adopting the magistrate's decision to vacate the dismissal of Williams's complaint because he discovered evidence indicating that the court used Williams's correct mailing address when it mailed notices and orders to Williams. However, Matthews failed to present any such evidence in his motion in opposition to Williams's motion to vacate.

**{¶22}** Matthews also contends the trial court could not have independently reviewed the magistrate's decision issued on May 24, 2011, because the court's entry adopting the decision is dated May 23, 2011. We do agree with Matthews that the date is incorrect on the court's adoption of the magistrate's May 24, 2011 decision. The court's adoption of the decision is dated May 23, 2011, a day prior to the magistrate's decision. Because the court awarded the same amount of damages as the magistrate did in its decision, the court obviously did not issue its decision until after it reviewed the magistrate's decision. Therefore, the wrong date is a clerical error, which can be fixed by a nunc pro tunc entry by the trial court. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18-19 (courts possess the authority to correct an error in a judgment entry so that the record speaks the truth); *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15 (an error corrected by a nunc pro tunc entry does not involve a legal decision or judgment). Accordingly, Matthews' third, fifth,

tenth, and eleventh assigned errors are sustained in part as to the May 23, 2011 journal entry.

## Manifest Weight of the Evidence

{¶23} In his fourth assigned error, Matthews argues the trial court's award of fees to Williams was against the manifest weight of the evidence because attorney Williams was not sworn in prior to testifying and was, therefore, not a credible witness. He also contends the attorney-client agreement did not include the number of hours Williams worked on the case, and the itemized bill did not list the hourly rate being charged.

{¶24} In determining whether a verdict is against the manifest weight of the evidence, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). The civil manifest weight of the evidence standard "affords more deference to the fact-finder" than is afforded in criminal cases. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio- 2202, 865 N.E.2d 1264, ¶ 26. The civil standard "tends to merge the concepts of weight and sufficiency." *Id.* In determining whether a civil judgment is against the manifest weight of the evidence, an appellate court does not reweigh the evidence. *Id.*

{¶25} Matthews refers to an excerpt of a transcript to show that attorney Williams was not sworn in; however, no transcript of the proceedings exists. The record consists of an App.R. 9(C) statement, which does not address the swearing in of attorney

Williams. Without a certified transcript, we cannot give credence to Matthews' recollection of what occurred. App.R. 9(B).

**{¶26}** Matthews also contends the agreement did not detail the amount of hours Williams spent on the case. However, because the attorney-client agreement is entered into prior to the attorney working on the case, it would be impossible for the amount of hours to be set forth in the contract. The agreement does state that Matthews would be charged at the hourly rate of $185. Therefore, Matthews was aware of how much he would be paying hourly, and the itemized bill provided the number of hours for which the attorney was seeking compensation. Thus, by reading both documents in conjunction, the court could easily determine the amount of fees due to Williams. Accordingly, adequate evidence exists to support the trial court's award. Matthews' fourth assigned error is overruled.

### Failure to Record Hearing

**{¶27}** In his sixth assigned error, Matthews contends the trial court erred by failing to provide a court reporter or recording device to record the hearing.

**{¶28}** Civ.R. 53(D)(7) requires that the proceedings before a magistrate be recorded in accordance with the procedures established by the court. Pursuant to Rule 8.02 of the Cleveland Municipal Court's Local Rules of Practice and Procedure, "any party desiring a record of proceedings in a civil case before a magistrate may arrange for the attendance of a private court reporter at said party's cost pursuant to Local Rule 12.01." Therefore, pursuant to the procedures established in the Cleveland Municipal

Court, it was Matthews' responsibility to retain a private court reporter if he desired one, not the court.

{¶29} There is also no evidence in the record to suggest that Matthews requested that the proceedings be recorded. A party may not assign as error on appeal issues that were not objected to in the trial court. *Toma v. Toma*, 8th Dist. No. 82118, 2003-Ohio-4344, at ¶ 33, quoting *Nenadal v. Landerwood*, 8th Dist. No. 65428, 1994 Ohio App. LEXIS 2079 (May 12, 1994). *See also Calhoun v. Calhoun*, 8th Dist. No. 93369, 2010-Ohio-2347, where we held that because there was no evidence the appellant requested that the proceedings be recorded, the issue was waived for purposes of appeal. Accordingly, Matthews' sixth assigned error is overruled.

## Oral Contract

{¶30} In his seventh and eighth assigned errors, Matthews contends the trial court erred by failing to conclude that an oral pro bono contract existed between him and Williams.

{¶31} We do not have a transcript of the proceedings, only the App.R. 9(C) statement. "Unless the record transmitted on appeal includes an App.R. 9(C) statement that *affirmatively* demonstrates error, we must presume the trial court committed no error despite the fact the record is not complete." (Emphasis added.) *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1998). Here, the record does not affirmatively demonstrate that the magistrate erred by concluding a pro bono contract did not exist. Accordingly, Matthews' seventh and eighth assigned errors are overruled.

## Trial Court's Failure to "Adopt" Magistrate's Decision

**{¶32}** In his ninth assigned error, Matthews argues that the trial court's use of the words, "approved" and "confirmed" do not result in the court adopting the magistrate's report because it did not use the word "adopt."

**{¶33}** Although Matthews cites to case law in support of his argument, none of the cases he cites to stand for the proposition that the trial court must use the exact word, "adopt," in order to constitute a valid adoption of the magistrate's decision. The use of the alternative words, approved and confirmed, result in the same meaning. Therefore, the trial court did not err by choosing to use the words approved and confirmed. Accordingly, Matthews' ninth assigned error is overruled.

## Lack of a Final Appealable Order

**{¶34}** In his 12th assigned error, Matthews argues that the trial court failed to adopt the magistrate's amended decision that included findings of fact and conclusions of law and, thus, did not issue a final, appealable order.

**{¶35}** In order to understand Matthews' argument, it is necessary to consider the timing of the events surrounding the trial court's last entry. The magistrate had issued its decision awarding judgment in Williams's favor on May 24, 2011. Thereafter, the trial court adopted the magistrate's decision. On May 27, 2011, Matthews filed his objections to the magistrate's report, in which he included a request for findings of fact and conclusions of law from the magistrate.

**{¶36}** Responding to his request for findings of fact and conclusions of law, the magistrate issued an amended decision on September 30, 2011, which had the same result as its previous decision, but included sections for findings of fact and conclusions of law. On the same date, the trial court approved and confirmed the magistrate's decision. Thereafter, on October 6, 2011, Matthews filed his objections to the magistrate's amended decision. On February 24, 2012, the trial court overruled Matthews' objections and stated, "Judgment Entry Journalized May 24, 2011 is to remain in full force and effect." Thus, it appears the court failed to notice that it had also adopted the magistrate's amended decision on September 30, 2011.

**{¶37}** The trial court's adoption entries on May 24, 2011 and September 30, 2011 are identical in all respects. Therefore, the trial court's journal entry referring to the May 24, 2011 entry should have referred to its September 30, 2011 entry. We conclude the trial court's error was a clerical error and can be remedied by a nunc pro tunc entry. Accordingly Matthews' 12th assigned error has merit and is sustained.

**{¶38}** Judgment affirmed; case remanded for the trial court to make corrections.

It is ordered that appellee recover from appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR