[Cite as *In re J.P.*, 2016-Ohio-7574.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In re:                                    :

J.P. n.k.a. K.P.,                         :        No. 16AP-61
                                                   (C.P.C. No. 14JU-8345)
(J.P.,                                    :

                    Appellant).           :        (REGULAR CALENDAR)

                                          :

---

D E C I S I O N

Rendered on November 1, 2016

---

**On brief:** *Roger M. Koeck*, for appellant.  **Argued:** *Roger M. Koeck*.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1}  Appellant, J.P., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of his son, K.P., to foster parents.  For the reasons that follow, we reverse the judgment of the trial court.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  Appellant and his wife, A.P., are the biological parents of K.P., born June 20, 2014.[1]  A.P. is also the mother of A.M., a girl born November 15, 2013.  S.R. is the biological father of A.M.  On November 13, 2013, Franklin County Children Services

---

[1] Although the case caption and the complaint indicate that the initials of appellant's minor child are J.P., the record establishes that the child's initials are K.P. and that appellant is J.P.

("FCCS") filed a complaint, pursuant to R.C. 2153.03(A)(2) and 2151.04(C), alleging that A.M. is a neglected and dependent child (case No. 13JU-15474). The complaint further alleges that A.M.'s mother, A.P., is homeless, her whereabouts unknown, and A.M. has been present during incidents of domestic violence involving A.P. and appellant. The magistrate issued an emergency care order. The juvenile court subsequently appointed a guardian ad litem for A.M., as well as legal counsel for both A.P. and A.M.'s biological father, S.R.[2] On February 4, 2014, a magistrate conducted a hearing on the complaint in case No. 13JU-15474. As a result of the hearing, the magistrate found that A.M. was a dependent child and recommended that temporary custody be awarded to FCCS. FCCS subsequently placed A.M. with foster parents.

{¶ 3} On June 24, 2014, FCCS filed a complaint, pursuant to R.C. 2153.03(A)(2) and 2151.04(C), alleging that newborn K.P. is a neglected and dependent child (case No. 14JU-8345). The complaint further alleged that K.P.'s parents are homeless and that an order of temporary custody currently exists for A.P.'s other minor child, A.M. The magistrate issued an emergency care order. The juvenile court subsequently appointed a guardian ad litem for K.P. and legal counsel for A.P.

{¶ 4} On September 14, 2014, a magistrate conducted a hearing on the complaint in case No. 14JU-8345. As a result of the hearing, the magistrate found that K.P. was a dependent child and recommended that temporary custody be awarded to FCCS.[3] On September 19, 2014, the trial court adopted the magistrate's decision and approved the case plan. The case plan stated that appellant and A.P. planned to move to Wyoming where they would secure employment and housing. FCCS was to have custody of the children for the purpose of placing them temporarily with foster parents until such time as A.P.'s aunt and uncle, who also live in Wyoming, could obtain temporary custody. Thereafter, appellant and A.P. were to be reunited with A.M. and K.P.

{¶ 5} FCCS placed K.P. with the same foster parents who were caring for A.M. In October 2014, appellant and A.P. moved to Wyoming. Evidence in the record shows that appellant returned to Ohio for a short time and then, in May 2015, he moved to Kentucky.

---

[2] S.R. has never personally appeared in this litigation.
[3] The issue of dependency was uncontested.

{¶ 6}   On May 21, 2015, FCCS filed a motion to terminate temporary custody and for an award of permanent custody to the foster parents.  The juvenile court scheduled an evidentiary hearing for June 24, 2015.  Notice of the hearing was served on A.P. in Wyoming, but appellant could not be located.  The record shows that service on appellant was made by publication on June 4, 2015.

{¶ 7}   On June 24, 2015, the magistrate conducted a hearing on the motion. Appellant and A.P. were represented by counsel at the hearing but neither parent personally attended.  Appellant's attorney moved the court for a continuance of the permanent custody hearing arguing that appellant was entitled to a contested hearing. The magistrate denied the motion and proceeded to determine custody "informally." (June 24, 2015 Tr. at 6.)  As a result of the hearing, the magistrate announced his decision to award permanent custody of A.M. and K.P. to the foster parents.  The magistrate subsequently issued a written decision memorializing his ruling on the motion for a continuance and his determination of permanent custody.

{¶ 8}   Both appellant and A.P. filed objections to the magistrate's decision.  A.P. argued that "[d]enial of the continuance for a contested trial was a violation of Mother's right to due process, and an abuse of the trial court's discretion."  (July 10, 2015 Obj. at 3.) Appellant filed objections to the magistrate's decision on July 13, 2015, contending that "it is contrary to law and violates the Constitution of the United States of America and the Constitution of the State of Ohio."  (July 13, 2015 Obj. at 1.)  In appellant's supplemental objections to the magistrate's decision filed September 14, 2015, appellant raises two additional objections: (1) "The Magistrate erred in granting legal custody to the foster family when FCCS had failed to provide any services to the parents," and (2) "The Magistrate erred in failing to allow a full formal contested hearing in order to afford the parents the opportunity to fully contest the misrepresentations of FCCS to the Court." (Sept. 14, 2015 Supp. Objs. at 1.)  On October 13, 2015, A.P. filed a supplemental objection wherein she also requests a full and fair custody hearing, claiming that she has been employed in Wyoming since December 2014 and that she currently "rents and shares a home with roommates, but is saving up for a place of her own."  (Oct. 13, 2015 Supp. Obj. at 3.)

{¶ 9}   The trial court scheduled a hearing on the objections for October 20, 2015. Appellant attended the hearing with counsel.  A.P. did not appear.  On December 30, 2015, the juvenile court issued a decision and judgment entry overruling the objections, adopting the magistrate's decision as its own, and awarding permanent custody to the foster parents.  Appellant timely appealed to this court from the judgment of the trial court.[4]

## II.  ASSIGNMENT OF ERROR

{¶ 10}  Appellant sets out a single assignment of error as follows:

> THE TRIAL COURT ERRED IN APPLYING THE INCORRECT STANDARD OF REVIEW OF A MAGISTRATE'S DECISION.

## III.  STANDARD OF REVIEW

{¶ 11} "Appellate courts 'generally review a trial court's adoption, denial or modification of a magistrate's decision for an abuse of discretion.' " *In re D.S.*, 10th Dist. No. 15AP-487, 2016-Ohio-2810, ¶ 9, quoting *Brunetto v. Curtis*, 10th Dist. No. 10AP-799, 2011-Ohio-1610, ¶ 10.  "However, where the appeal from the trial court's action on a magistrate's decision presents only a question of law, the standard of review is de novo." *In re D.S.* at ¶ 9.

## IV.  LEGAL ANALYSIS

{¶ 12} Appellant contends that the juvenile court applied an incorrect legal standard in reviewing the magistrate's decision.  Appellant seeks an order reversing the juvenile court order and remanding the case for the juvenile court to apply the correct legal standard in reviewing his objections.  FCCS did not file a brief in this appeal.

{¶ 13} Juv.R. 40(D)(4)(d) provides that "[i]n ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Thus, "[a] trial court considering a party's objections to a magistrate's decision must independently assess the facts and conclusions contained in the magistrate's decision, thereby undertaking the equivalent of a de novo determination in light of any filed

---

[4] A.P. dismissed her appeals in case Nos. 16AP-67 and 16AP-68 on March 29, 2016 by filing a notice of voluntary dismissal.  Accordingly, this appeal involves the custody of K.P. only.

objections." *In re H.D.D.*, 10th Dist. No. 12AP-134, 2012-Ohio-6160, ¶ 90, citing former Juv.R. 40(E)(4)(b). "Ordinarily, it is presumed that the trial court performed an independent analysis in reviewing the magistrate's decision." *Rowell v. Smith*, 10th Dist. No. 12AP-802, 2013-Ohio-2216, ¶ 35, citing *Arnold v. Arnold*, 4th Dist. No. 04CA36, 2005-Ohio-5272, ¶ 31, citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993). Accordingly, the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform the required independent analysis. *Rowell* at ¶ 35, citing *Arnold* at ¶ 31, citing *Inman v. Inman*, 101 Ohio App.3d 115, 119 (2d Dist.1995); *Huntington Natl. Bank v. Findlay Machine & Tool, Inc.*, 3d Dist. No. 5-11-27, 2012-Ohio-748.

{¶ 14} In this case, under the heading "Standard of Review," the juvenile court references the correct standard of review as follows:

> When ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, when reviewing objections to a magistrate's decision, the trial court must undertake the equivalent of a *de novo* determination and independently assess the facts and conclusions contained in the magistrate's decision.

(Emphasis sic; citations omitted.) (Dec. 30, 2015 Decision at 4.)

{¶ 15} Appellant acknowledges that the juvenile court initially cited the appropriate standard of review. Appellant claims, however, that the juvenile court subsequently applied an incorrect legal standard when it ruled on appellant's objections. Appellant argues that the magistrate's repeated references to the abuse of discretion standard of review and the manifest weight standard overcomes the presumption that the juvenile court conducted an independent review of the matters raised by the objections. We agree.

{¶ 16} The argument made by appellant is the same argument addressed by this court in the case of *In re H.D.D.* In that case, the mother argued that the juvenile court did not conduct the required de novo review of the magistrate's child custody determination but, instead, improperly deferred to the magistrate. In rejecting mother's argument, this court ruled as follows:

> In support, Mother points to certain statements in the court's decision, e.g., "the evidence was sufficient to support the Magistrate's findings, and thus he did not abuse his discretion"; "the Magistrate was on strong footing in finding [noncompliance with the case plan] by a preponderance of the evidence"; and "[t]he evidence presented at trial was sufficient to support the Magistrate's findings, and thus he did not abuse his discretion in finding that [H.D.D.] was an abused, neglected and dependent child." Accordingly, Mother argues that we should summarily reverse the trial court's judgment.
>
> * * *
>
> The excerpts quoted above from the trial court's written decision do not overcome the presumption of regularity to which the trial court is entitled. We read those excerpts not as statements of *deference* to the magistrate but, rather, as statements of *concurrence with* the magistrate. The court stated, for instance, that it "agree[d] that the Magistrate was on strong footing in finding, by a preponderance of the evidence, that the parents had failed to substantially comply with the objectives of the case plan"; and that the "evidence presented at trial was sufficient to support the Magistrate's findings." (Emphasis sic.) (Jan. 23, 2011 Entry at 4, 6.) Moreover, in the concluding paragraph of its decision, the trial court specifically stated that its rejection of the parents' objections was "[b]ased on the foregoing *de novo* review of facts and law." (Entry, at 9.)
>
> We therefore overrule Mother's argument contending that the trial court failed to conduct an independent de novo review.

(Emphasis sic.) *Id.* at ¶ 91, 94-95.

{¶ 17} More recently, in *Mattis v. Mattis*, 10th Dist. No. 15AP-446, 2016-Ohio-1084, this court affirmed the juvenile court's custody determination in the face of the mother's claim that the juvenile court applied an inappropriately deferential standard in reviewing the magistrate's decision. In *Mattis*, the juvenile court's decision stated:

> This Court FINDS that the magistrate properly considered the totality of the factors and did not abuse her discretion. Therefore the *Magistrate's Decision* as it pertains to the allocation of parental rights and responsibilities, except child support, shall be APPROVED AND ADOPTED by this Court.

(Emphasis sic.)  *Id.* at ¶ 16.

{¶ 18} In ruling that the juvenile court conducted the required independent review, this court stated:

> Although the trial court does reference the magistrate's discretion in this paragraph, it is clear from the overall decision that the trial court applied an independent review. The trial court referenced the correct standard of review by stating it was required to undertake an independent review as to the objected matters. (Decision, 3.) The trial court thoroughly discussed the best interest factors provided in R.C. 3109.04(F) and did not merely reference the magistrate's decision. (Decision, 5-9.) The trial court referenced the transcript as justification for its decision. Moreover, the trial court stated it reviewed all the submitted evidence and "the entire file and the applicable law" in reaching its decision. (Decision, 9; 15.) Finally, the trial court modified the magistrate's decision in regards to child support. If the trial court had merely determined if the magistrate had abused her discretion, it would not have sustained in part Mother's objection and modified the decision accordingly. With a reading of the trial court's decision in its entire context, we conclude that the trial court did conduct an independent review and the trial court's semantic misstep in using "abuse of discretion" does not amount to prejudicial error.

*Id.* at ¶ 17.

{¶ 19} The juvenile court's decision in this case reveals that the court cited and applied both the abuse of discretion standard and the manifest weight standard. For example, on page five of the decision, the juvenile court announces its decision stating: "The Court does NOT FIND that the magistrate abused his discretion in denying the request for a continuance and granting legal custody to foster parents." (Emphasis sic.) (Decision at 5.)

{¶ 20} In subsequently reviewing the magistrate's decision to deny the motion for a continuance, the juvenile court sets out the standard of review as follows:

> This Court is bound by the 10th District which held that a motion for a continuance will not be reversed unless the trial court abused its discretion. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.

(Citations omitted.)  (Decision at 5.)

{¶ 21} Both of the cases cited by the juvenile court in support of the applicable standard of review are cases setting forth the standard applied by this court when reviewing a trial court's decision to grant a continuance.  *See Foley v. Foley*, 10th Dist. No. 05AP-242, 2006-Ohio-946; *Fiocca v. Fiocca*, 10th Dist. No. 04AP-962, 2005-Ohio-2199. A magistrate is a subordinate officer of the trial court, not an independent officer performing a separate function.  *Jones v. Smith*, 187 Ohio App.3d 145, 2010-Ohio-131, ¶ 9 (4th Dist.); *Knauer v. Keener*, 143 Ohio App.3d 789, 794 (2d Dist.2001).  The application of Juv.R. 40(D)(4)(d) requires de novo review of any issue of fact or law that a magistrate has determined when an appropriate objection is timely filed.  *Id.*  The juvenile court may not defer to the magistrate in exercise of its de novo review.  *Id.*  Accordingly, when reviewing a magistrate's determination of a motion to continue a custody hearing, a trial court must conduct an independent review of the record to determine whether the facts and circumstances warranted a continuance.  *Anderton v. Hatfield*, 10th Dist. No. 07AP-198, 2007-Ohio-7139.  By applying the abuse of discretion standard, the trial court improperly deferred to the magistrate rather than conducting an independent review.  *In re H.D.D.*[5]

{¶ 22} With regard to the magistrate's custody determination, the juvenile court again cited and applied the appellate standard of review rather than the standard required by Juv.R. 40.  The juvenile court decision provides as follows:

> **2.   The *Magistrate's Decision* is NOT against the manifest weight of the evidence**.
>
> A judgment will not be reversed being against the manifest weight of the evidence if it is supported by some competent, credible evidence going to all the essential elements of the case.  In determining whether it is against the manifest weight

---

[5] " ' "The 'abuse of discretion' standard that the trial court applied to review the decision of its magistrate is an appellate standard of review.  It is applicable to the review performed by a superior court of the judgments and orders of inferior courts.  Inherent in the abuse of discretion standard are presumptions of validity and correctness, which acknowledge the independence of the inferior courts by deferring to the particular discretion they exercise in rendering their decisions." ' "  *Jones* at ¶ 13, quoting *Quick v. Kwiatkowski*, 2d Dist. No. 18620 (Aug. 3, 2001), quoting *Rammel v. Rammel*, 2d Dist. No. 15887 (May 9, 1997).

> of the evidence, the reviewing court is guided by the presumption that the findings of the trial court were correct.

(Emphasis sic; citations omitted.)  (Decision at 6.)

{¶ 23} Both of the cases cited by the juvenile court in support of the applicable standard of review are cases setting forth this court's standard for the review of a juvenile court's child custody decision.  *In re Brofford*, 83 Ohio App.3d 869 (10th Dist.1992); *In re Abram*, 10th Dist. No. 04AP-220, 2004-Ohio-5435.  Contrary to the juvenile court's statement, a magistrate's findings of fact are not entitled to the presumption of correctness.   Rather, the juvenile court, in considering the parties' objections to the magistrate's decision regarding child custody, is required to "independently assess the facts and conclusions contained in the magistrate's decision, thereby undertaking the equivalent of a de novo determination in light of any filed objections."  *In re H.D.D.* at ¶ 90; Juv.R. 40(D)(4)(d).  The juvenile court decision in this case applied the appellate standard of review as follows:

> This Court's careful review of * * * all the records reveals that the trial court's *Decision* is corroborated by competent credible evidence.  Therefore, the *Magistrate's Decision* WAS NOT against the manifest weight of the evidence to deny a continuance and grant legal custody to foster parents.

(Emphasis sic.)  (Decision at 7.)

{¶ 24} As set out above, the juvenile court decision in this case contains numerous instances where the juvenile court unequivocally applied an appellate court standard of review.   Unlike *In re H.D.D.*, where other language in the juvenile court's decision permitted this court to reasonably construe the juvenile court's erroneous statements as expressions of agreement with the magistrate rather than deference, the juvenile court's erroneous statements in this case are not subject to a similar construction.   The misstatements in the juvenile court decision in this case are unmistakably deferential.

{¶ 25} Though the juvenile court decision does contain some language suggesting that the juvenile court did more than simply rubber stamp the magistrate's determination, unlike the juvenile court decision considered by this court in *Mattis*, the recurring references to the abuse of discretion standard in this case are more than just a "semantic misstep."   *Id.* at ¶ 17.   The juvenile court makes repeated references to the abuse of

discretion standard as well as the manifest weight standard accompanied by statements indicating the juvenile court applied those deferential standards in reviewing the magistrate's findings of fact and conclusions of law.  In our view, even though the juvenile court initially cited the correct standard of review in its decision, the juvenile court's clearly expressed application of the appellate standard of review in this case distinguishes it from the juvenile court decisions considered by this court in *Mattis* and *In re H.D.D.* and overcomes the presumption of regularity typically afforded to such decisions.

{¶ 26} Further examination of the relevant case law establishes that a juvenile court commits reversible error when it applies the appellate standard of review in ruling on objections to a magistrate's decision.  For example, in *Reese v. Reese*, 3d Dist. No. 14-03-42, 2004-Ohio-1395, the issue for the Third District Court of Appeals was whether the trial court applied the correct legal standard in reviewing a magistrate's decision.  In that case, the concluding paragraphs of the trial court's judgment entry stated:

> If there is some *competent, credible evidence* to support the trial court's decision, there is no abuse of discretion.  Matters not before the Magistrate at the time of hearing should not be the basis for objections.  Judge Evans of the Third District * * * stated * * * that the statutory standard of review is to determine whether the decision is supported by evidence presented on the record.
>
> With the above case law in mind, *we now must look at the transcript to see if there is competent, credible evidence to support the findings of the Magistrate*.  Finding evidence on each objection supporting the Magistrate's decision, it is affirmed and these objections are overruled.

(Emphasis sic; citations omitted.)  *Id.* at ¶ 15.

{¶ 27} The court of appeals held that the trial court had not conducted the required independent review in overruling the objections.  In so holding, the court stated:

> Based upon the above language, it appears that the trial court used the appellate standard of review when ruling on Sandra's objections to the magistrate's report. However, the other language in the judgment entry is ambiguous in that regard and we cannot affirmatively determine whether or not the trial court conducted an independent review of the magistrate's decision as required by Civ.R. 53. We recognize that the trial court did not "rubber stamp" the magistrate's

> decision as multiple references to the transcript were made; however, in the absence of language setting forth the proper standard of review, we are also unable to conclude with confidence that the trial court independently reviewed the evidence before it.

*Id.* at ¶ 16.

{¶ 28} Similarly, in *Jones*, appellant mother challenged a juvenile court's decision adopting a magistrate's decision to grant the father's request to change the surname of the parties' child. The juvenile court decision provided in relevant part:

> The Court finds the Magistrate properly considered the issues before the Court and rendered a decision, which did not indicate an abuse of discretion. The Magistrate's Decision was not unreasonable, unconscionable, or arbitrary as the focus on the decision was based upon the best interest of the child.

*Id.* at ¶ 8.

{¶ 29} The court of appeals held that the juvenile court erred when it reviewed the magistrate's decision using an appellate standard of review because such action "prevents an appellate court from conducting the appropriate review of the [juvenile] court's decision." *Id.* at ¶ 9, citing *Francis v. McDermott*, 2d Dist. No. 1744, 2008-Ohio-6723, ¶14; *Quick v. Kwiatkowski*, 2d Dist. No. 18620 (Aug. 3, 2001). The court of appeals in *Jones* reversed the juvenile court's decision and remanded the matter for the trial court to "independently review the objections to the magistrate's decision or, if it has already undertaken such independent review, to enter a judgment entry devoid of language indicating that it employed a deferential review." *Id.* at ¶ 15.

{¶ 30} We find that the juvenile court order in this case contains errors in regard to the applicable standard of review that are similar to the errors which necessitated reversal of the trial court decisions in *Reese* and *Jones*. The juvenile court decision in this case contains the following as its "Conclusion":

> This Court has thoroughly, carefully, and independently reviewed the *Objections*, *Magistrate's Decision*, pleadings, transcripts, entire file, and applicable law. After ensuring that all the required procedures occurred, this Court FINDS that the magistrate did not abuse his discretion in denying a request for a continuance and granting legal custody to foster parents.

(Emphasis sic.)  (Decision at 8.)

{¶ 31} Though the first sentence of the juvenile court's conclusion asserts that the juvenile court has undertaken an independent review of the evidence, in the second sentence the juvenile court applies the abuse of discretion standard to both the determination of the motion for a continuance and the determination of permanent custody.  As noted above, this is an inappropriately deferential standard.  Elsewhere in the decision, the juvenile court applied the manifest weight standard in reviewing both the magistrate's ruling on the motion to continue and the magistrate's conclusion regarding custody.  Thus, the juvenile court decision is, at best, ambiguous with regard to the standard of review.

{¶ 32} Given the juvenile court's inconsistent statements regarding the applicable standard of review, we cannot affirmatively determine whether the court conducted an independent review as required by Juv.R. 40 and Civ.R. 53.  *See Reese* at ¶ 16; *Jones* at ¶ 8.  *See also Kimmel v. Shaffer*, 12th Dist. No. CA2009-05-015, 2009-Ohio-5279. ¶ 16 ("[I]t appears the trial court applied an appellate standard of review used when determining whether a civil judgment is against the manifest weight of the evidence. * * * Because the other language in the court's entry is ambiguous in that regard, we cannot affirmatively determine whether the court conducted an independent review as required by Civ.R. 53.").  In our view, the juvenile court decision under review in this case is more akin to the trial court decisions discussed in *Reese* and *Jones* than it is to the decisions we reviewed in *In re H.D.D.* and *Mattis.*

{¶ 33} For the foregoing reasons, we hold that the juvenile court erred when it applied the appellate standard of review in ruling on objections to the magistrate's decision regarding child custody rather than conducting an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.  Accordingly, we sustain appellant's single assignment of error.  The judgment of the juvenile court shall be reversed and the case remanded for the juvenile court to apply the correct standard of review in ruling on appellant's objections to the magistrate's decision.

## V.  CONCLUSION

{¶ 34} Having sustained appellant's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and remand the case for the court to apply the correct standard of review in ruling on appellant's objections to the magistrate's decision.

*Judgment reversed;*
*cause remanded with instructions.*

TYACK and KLATT, JJ., concur.

———————————